BUSH v. PARTLOW. (No. 1022.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 25, 1924. Rehearing Denied Feb. 13, 1924.)

1. Criminal law ☞1086(14), 1097(1), 1129(1) —Appellate court could consider fundamental error only because of state of record.

Where there was no statement of facts, no motion for new trial in the record, and no assignments of error, the appellate court could only consider fundamental error.

2. Health ☞43—Judgment restraining business of raising hogs held not fundamentally wrong.

Where a prosecution was instituted under Pen. Code 1911, art. 694, for carrying on the trade, business, or occupation of raising hogs in a neighborhood to the detriment of its health, pending which complaint was filed by person interested, pursuant to Code Cr. Proc. 1911, art. 148 et. seq., judgment in the latter proceeding, after conviction of defendant, restraining the further continuance of the business under conditions named, held not fundamentally wrong.

Appeal from Liberty County Court; C. R. Wilson, Judge.

A. E. Bush was convicted of carrying on the business of raising hogs in the neighborhood, was fined, and on complaint of Ray Partlow, under Code Cr. Proc. 1911, art. 148 et seq., was restrained from further continuing said business, and he appeals. Affirmed.

W. T. Norman, of Liberty, and Howth & O'Fiel, of Beaumont, for appellant.

P. C. Matthews, of Liberty, for appellee.

WALKER, J. [1, 2] A prosecution in due form was instituted in the county court of Liberty county, charging appellant with violation of article 694, Penal Code. Pending the prosecution, appellee filed against appellant the following complaint:

"Now comes Ray Partlow, a resident of said county, and represents unto your honor that an information has been represented in your honor's court for said county, and is now pending therein against A. E. Bush, the same being criminal cause No. 3839, on the docket of said court, wherein said A. E. Bush is charged with unlawfully carrying on a trade and business, to wit, the raising of hogs, such trade and business being injurious to the health of those who reside in the vicinity where such trade and business is being so carried on by the said A. E. Bush.

"That the said A. E. Bush will continue to carry on such trade, business and occupation to the injury of the health of said neighborhood and vicinity, unless restrained by the order of your honor.

"That your applicant is interested herein, he being a resident of the said neighborhood and vicinity in which said trade, business and oc-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cupation is being carried on by the said A. E. Bush.

"Wherefore, your applicant prays that the said A. E. Bush be cited to appear and answer herein, and that your honor hear proof and make an order restraining the said A. E. Bush for carrying on said trade, business and occupation, or such other order in the premises as your honor may deem advisable.

"Ray Partlow.

"Sworn to and subscribed before me this the 16th day of January, A. D. 1923.

"[Seal.] (Miss) Jona Lilley, "Notary Public, Liberty County, Texas."

On a hearing of the foregoing complaint, the court entered the following order:

"Ray Partlow v. A. E. Bush. No. 3929½.

"This the 17th day of January, 1923.

"This day the application of Ray Partlow filed against A. E. Bush, praying that the said A. E. Bush be restrained from carrying on the trade, business, or occupation of raising and maintaining hogs, hog pens and, etc., in the neighborhood of the Partlow settlement, in the city and county of Liberty, Texas, came on to be heard, and both parties appeared, and the court proceeded to hear said application, and also to hear proof both for and against said defendant, A. E. Bush, and thereupon at the same time, in a criminal cause styled State of Texas v. A. E. Bush, No. 3839, charged with carrying on a business, trade or occupation injurious to the health of those who reside in such vicinity, was duly tried under said charge, and the questions of fact properly submitted to a jury who was duly qualified and impaneled to try said cause, after hearing the laws and evidence under the rulings of the court, brought in a verdict of conviction against the said A. E. Bush and assessing a fine of $10.00 as punishment. Therefore, after the hearing of the evidence as offered to the court, and the conviction of the defendant as aforesaid, it is ordered, adjudged and decreed by the court that the defendant, A. E. Bush, be and is hereby perpetually restrained from carrying on the said trade, business or occupation of raising hogs in the said neighborhood of the Partlow vicinity in the city of Liberty, Texas, to the detriment of the health of the neighborhood and from maintaining or keeping any hogs of whatsoever kind in small pens there now situated, or from keeping or maintaining any small hog pens with hogs therein of whatsoever kind to the detriment of the health of such neighborhood, or of any other neighborhood in such county. Whereupon the said defendant gave the bond required, which was approved by the court, and filed among the papers in this cause, to which defendant excepts and gives notice of appeal to the court of Civil Appeals of the 9th Judicial District of Texas.

"C. R. Wilson, "County Judge, Liberty Co., Tex."

We have no statement of facts. There appears in the transcript a motion in arrest of judgment, which could only be referred to the judgment of conviction. There is in the record an order overruling the motion for new trial, but no such motion appears. There are no assignments of error.

The proceedings herein seem to be under articles 148 et seq., Code of Criminal Procedure. We find nothing fundamentally wrong with the court's judgment. In the absence of a statement of facts, motion for new trial, and assignments of error, we can consider nothing except fundamental error.

Affirmed.